SHORT RECORD

Appeal no. 10-3957

FILED 12/27/2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, VAN F. WELTON, and BRETT BENSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 08 CV 3697 |
| THE CITY OF CHICAGO, | ) ) ) | Judge Milton I. Shadur |
| Defendant. | ) | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiffs, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, VAN F. WELTON, and BRETT BENSON, appeal to the United States Court of Appeals for the Seventh Circuit from this Court's Memorandum Opinion and Order entered in this action on December 22, 2010 denying Plaintiffs' motion for Section 1988 attorneys' fee award. (A true and correct copy of the December 22, 2010 Memorandum Opinion and Order is attached hereto as **Exhibit "A"** and made a part hereof.)

Dated: December 27, 2010

Respectfully submitted,

**NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., DR. KATHRYN TYLER,
VAN F. WELTON and BRETT BENSON,**
Plaintiffs

BY:   s/ Stephen A. Kolodziej
    One of Their Attorneys

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, Virginia 22030
Tel. (703) 352-7276
Fax (703) 359-0938

Stephen A. Kolodziej
**Brenner, Ford, Monroe & Scott, Ltd.**
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
Tel (312) 360-6415
Fax (312) 360-6573

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL RIFLE ASSOCIATION )
OF AMERICA, INC., DR. KATHRYN TYLER, )
VAN F. WELTON, )
and BRETT BENSON, )
)
           Plaintiffs, )
)
      vs. )      No.  08 CV 3697
)
)       Judge Milton I. Shadur
THE CITY OF CHICAGO, )
)
           Defendant. )

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a true and correct copy of the foregoing

instrument to be served upon the parties of record, as shown below, via the Court's CM/ECF

filing system on the **27th** day of **December 2010.**

      Andrew W. Worseck
      William Macy Aguiar
      City of Chicago Department of Law
      Constitutional and Commerical Litigation
      Division
      30 North LaSalle Street, Suite 1230
      Chicago, Illinois 60602

                           s/  Stephen A. Kolodziej____

Local Counsel:                      Stephen P. Halbrook
Stephen A. Kolodziej              Attorney at Law
**Brenner, Ford, Monroe & Scott, Ltd.**    3925 Chain Bridge Road, Suite 403
33 North Dearborn Street, Suite 300     Fairfax, VA 22030
Chicago, Illinois 60602            Tel. (703) 352-7276
Tel (312) 781-1970               Fax (703) 359-0938
Fax (312) 781-1970             (*Pro Hac Vice*)

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: <u>08 cv 3697</u>

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| NRA/appellant | | City of Chgo/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Stephen Kolodziej | Name | Andrew W. Worseck |
| Firm | Brenner, Ford, Monroe & Scott | Firm | City of Chgo,/ Dept of Law |
| Address | 33 N. Dearborn St. Suite 300 Chgo .Il. 60602 | Address | 30 N. LaSalle St. Suite 900 Chgo .Il. 60602 |
| Phone | 312) 781-1970 | Phone | 312) 744-9010 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Shadur | Date Filed in District Court | 6/27/08 |
| Court Reporter | R. Scarpelli     X-5815 | Date of Judgment | 12/22/10 |
| Nature of Suit Code | 890 | Date of Notice of Appeal | 12/27/10 |

COUNSEL:        Appointed ☐        Retained ☒        Pro Se ☐

FEE STATUS:        Paid ☒        Due ☐        IFP ☐

        IFP Pending ☐        U.S. ☐        Waived ☐

Has Docketing Statement been filed with the District Court Clerk's Office?        Yes ☐        No ☒

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

        Granted ☐        Denied ☐        Pending ☐

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.1.1
### Eastern Division

National Rifle Association of America, Inc., et al.

Plaintiff,

v.

The City of Chicago, et al.

Defendant.

Case No.: 1:08−cv−03697
Honorable Milton I. Shadur

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 22, 2010:

      MINUTE entry before Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. Accordingly NRA's motions for Section 1988 fee awards are denied. [64] Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL RIFLE ASSOCIATION      )
OF AMERICA, INC., et al.,       )
                                )
        Plaintiffs,             )
                                )
    v.                          )    No.  08 C 3696
                                )
VILLAGE OF OAK PARK, et al.,    )
                                )
        Defendants.             )
                                )
_____  )
                                )
NATIONAL RIFLE ASSOCIATION      )
OF AMERICA, INC., et al.,       )
                                )
        Plaintiffs,             )
                                )
    v.                          )    No. 08 C 3697
                                )
CITY OF CHICAGO,                )
                                )
        Defendant.              )

MEMORANDUM OPINION AND ORDER

    National Rifle Association of America, Inc. ("NRA") has

filed motions, pursuant to 42 U.S.C. §1988,[1] each seeking an

award of attorney's fees in a now-closed Section 1983 lawsuit

that had been initiated by NRA some 2-1/2 years ago -- one of

them targeting the Village of Oak Park ("Village") and the other

brought against the City of Chicago ("City").  Both motions[2]

_____

    [1] All further references to Title 42's provisions will
simply take the form "Section --."

    [2] Because NRA has filed identical motions in each case and
because Village has adopted City's response as its own, this
opinion cites to NRA's motions as "N. Mot. --" and to the City-

follow the cases' journey to the Supreme Court and back again, ending with the dismissal of both actions by this Court on mootness grounds. For the reasons stated below, both NRA motions are denied.

## Factual Background

NRA filed these lawsuits one day after the Supreme Court decided <u>Dist. of Columbia v. Heller</u>, 554 U.S. 570 (2008). This Court properly requested, and the Executive Committee of this District Court granted, the reassignment of both cases to its docket based on their relatedness to <u>McDonald v. City of Chicago</u>, 08 C 3645, which had been filed on the same morning that <u>Heller</u> was decided. All three cases charged that municipal ordinances that made it unlawful for any person to posses a handgun ran afoul of the Second Amendment, as incorporated against the States via the Fourteenth Amendment.

Because this Court followed (as it was obligated to do) existing Supreme Court and Seventh Circuit precedent (both pre-<u>Heller</u>, of course), it ruled that the Second Amendment was not incorporated against the States, and Village and City were therefore granted judgment on the pleadings. After consolidating the appeals in all three cases, our Court of Appeals affirmed this Court's ruling in <u>NRA v. City of Chi.</u>, 567 F.3d 856 (7th Cir. 2009).

---

Village responses as "C. Mot. –."

2

NRA and McDonald then filed separate petitions for writs of certiorari in the Supreme Court. Although the Supreme Court granted the McDonald petition, it did not act on the NRA petition until after it issued its June 28, 2010 opinion in McDonald v. City of Chi., 130 S. Ct. 3020 (2010), holding that the Fourteenth Amendment does incorporate the Second Amendment. On the next day the Supreme Court granted NRA's petition and remanded the case to the Seventh Circuit for further proceedings (NRA v. City of Chi., 130 S.Ct. 3544 (2010)).

Three days later (on July 2) City replaced its gun ordinance with one that does not contain a total ban on handguns (Journal of the Proceedings of the City Council of the City of Chicago, Illinois at 96235). For its part, Village repealed its gun ordinance on July 19 (Approved Minutes -- Regular Board Meeting, Village of Oak Park p.4, http://www.oak-park.us/public/pdfs/2010%20Minutes/07.19.10_minutes.pdf). In light of those actions, our Court of Appeals vacated this Court's judgment in all three cases and remanded with instructions to dismiss them as moot (NRA v. City of Chi., 2010 WL 3398395 (7th Cir. Aug. 25)). On October 12, 2010 this Court followed that direction.

### Attorney's Fee Awards under Section 1988

Both sides agree that the Supreme Court opinion in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &

3

Human Resources, 532 U.S. 598 (2001) brought a sea change in the jurisprudence governing Section 1988 attorney's fee awards.  It deep-sixed the "catalyst" concept that the vast majority of federal courts had been applying consistently in that area, replacing it instead with a more demanding standard.

Section 1988(b) states that in a Section 1983 action "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."  In the wake of Buckhannon the Supreme Court has reconfirmed its earlier view that "[t]he touchstone of the prevailing party inquiry ... is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute" (Sole v. Wyner, 551 U.S. 74, 82 (2007) (internal quotation marks omitted)).

On that score Buckhannon, 532 U.S. at 604 had held "that enforceable judgments on the merits and court-ordered consent decrees create" the essential "material alteration."  Thus the Court distinguished settlements memorialized by consent decrees from private settlements on the ground that consent decrees are "court-ordered" (id.).  In elaborating on its reasons for rejecting the "catalyst theory," the Court reasoned that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change"

4

(id. at 605).  Buckhannon, id. at 606 (internal quotation marks
omitted) succinctly summarized the Court's concerns and the
applicable standard:

> We cannot agree that the term "prevailing party" authorizes
> federal courts to award attorney's fees to a plaintiff who,
> by simply filing a nonfrivolous but nonetheless potentially
> meritless lawsuit (it will never be determined), has reached
> the sought-after designation without obtaining any judicial
> relief.

Closer to the bone, our Court of Appeals has implemented
Buckhannon in Zessar v. Keith, 536 F.3d 788 (7th Cir. 2008), a
case where as here a statute had been found unconstitutional.
Zessar, id. at 796 held that alone was not enough -- instead such
a situation "gives a plaintiff a hurdle to overcome if he is to
show that he is a prevailing party because the Supreme Court has
repeatedly held that, other than a settlement made enforceable
under a consent decree, a final judgment on the merits is the
normative judicial act that creates a prevailing party."  NRA
fails to clear that hurdle.

Simply put, there has never been a final judgment on the
merits in these cases.  There was no final court order requiring
Village or City to do anything.  After the Supreme Court remanded
the cases to the Seventh Circuit for proceedings consistent with
its McDonald opinion, this Court never had the opportunity to
conduct such proceedings because it was ordered by the Court of
Appeals to dismiss the cases as moot.  Both Village (by repealing
its ordinance) and City (by adopting a new one that eliminated

any outright prohibition) forwent the alternative of litigating the actions to an ultimate conclusion.

It must be remembered that these cases have been closed by final judgments of dismissal. If either Village or City were to decide to reenact its previous ordinance, NRA would not be able to bring an enforcement action based upon some action previously taken by this Court. It would instead be required to file new lawsuits to seek judgments on the merits. This is just another way of demonstrating that there was no court-ordered or court-implemented material alteration of any legal relationship in either action. Under the prevailing precedents, NRA cannot fairly be said to be a "prevailing party" under Section 1988.

And there is more to the same effect from our Court of Appeals. <u>Walker v. Calumet City</u>, 565 F.3d 1031 (7th Cir. 2009), considered a case that had originated before this Court, one in which plaintiff had sued claiming that municipality's point-of-sale ordinance violated plaintiff's constitutional rights. Upon reinspection of plaintiff's property, Calumet City found it to be in compliance and moved to dismiss the case as moot (<u>id</u>. at 1033). This Court issued a dismissal order that in part listed representations made by the city that it would not renege on its promises (<u>id</u>.). Then our Court of Appeals reversed this Court's later award of attorney's fees under Section 1988 because there, as here, this Court had "never reached the merits of

6

[plaintiff's] claims" (id. at 1034) and its order "did not
provide for judicial enforcement" or "vest the court with
continuing jurisdiction" (id. at 1035).

Fed'n of Adver. Representatives, Inc. v. City of Chi., 326
F.3d 924 (7th Cir. 2003) is also instructive. There plaintiff
claimed that City's advertising restrictions violated the First
Amendment (id. at 928). After the Supreme Court had invalidated
a similar restriction in a Massachusetts case,[3] Judge Kennelly
granted City's motion for dismissal on mootness grounds in
response to plaintiff's motion for summary judgment. In deciding
the "prevailing party" issue on appeal, the Seventh Circuit
assumed without deciding that City had changed its ordinance in
response to the Supreme Court decision but still found that
plaintiff was not entitled to "prevailing party" status (id. at
933).

NRA correctly points out that one reason for that decision
was that plaintiff was not a party to the relevant Supreme Court
case (id.). But even if NRA can distinguish the instant cases
from Federation on the basis that it was a party to the Supreme

_____

[3] Ironically the Federation case had originally been
assigned to this Court's calendar, and it held City's ordinance
invalid on preemption grounds. Then our Court of Appeals held
such total preemption was incorrect and reversed in part, sending
the case back. Further District Court proceedings were before
this Court's colleague Honorable Matthew Kennelly, and it was
during those later proceedings that the Supreme Court's decision
on the Massachusetts statute confirmed the correctness of this
Court's original preemption decision.

Court decision in <u>McDonald</u>,[4] that contention blithely ignores the

second and independent reason announced in <u>Federation</u>, <u>id</u>. as to

why City's change of conduct in response to the Supreme Court

decision did not confer "prevailing party" status on the

plaintiff there:

> Even assuming after [the Supreme Court decision], the
> district court would have granted [plaintiff's] motion had
> the [defendant] not repealed its ordinance, the fact remains
> that no such ruling was made and thus no judicial relief was
> awarded to Federation.

By the same token, even assuming that this Court would have ruled

for NRA had Village and City not done away with their challenged

ordinances, no such relief was awarded, and so no "prevailing

party" status can be conferred.

   NRA fares no better with its other arguments.  Though all of

them could be dispatched on the basis of the clear teaching of

---

[4] N. Mot. 2-3 argues in contrast that NRA should win
prevailing party status by virtue of being designated a party
respondent by the Supreme Court in <u>McDonald</u>.  But that argument
is a red herring.  As Village and City correctly point out and as
evidenced by the rest of this opinion, NRA's party-respondent
status in the Supreme Court is irrelevant because the Supreme
Court's decision in <u>McDonald</u> -- which, it will be remembered,
resulted in no judicial implementation on remand -- did not meet
the requirements of Section 1988 under <u>Buckhannon</u> (C. Mot. 5-6).
Indeed, NRA's argument demonstrates its essential reliance on the
"catalyst theory."  Disputes over whether a litigant was a party
to a decision where the bound parties cannot easily be
determined, unlike a judgment on the merits or a consent decree,
invite the additional round of litigation expressly disfavored by
<u>Buckhannon</u>,532 U.S. at 609.  That said, this discussion should
not be misunderstood as foreclosing any arguments that the
plaintiff in <u>McDonald</u> may raise to differentiate himself from NRA
for the purposes of "prevailing party" inquiry (more on this
later).

Buckhannon and its progeny as already described, this action will

go on to treat them -- albeit with some brevity.

First NRA argues that in the wake of McDonald, Village and

City publicly acknowledged that their handgun bans were

unconstitutional (N. Mot. 6-9).  NRA cites numerous public

statements to that effect, both to the press and in the context

of local political proceedings (id.).  But that amounts to

nothing more than (to paraphrase Matthew 9:17) seeking to put the

old "catalyst theory" wine into new bottles.  Public statements,

however numerous and forceful, do not grant "prevailing party"

status when they have not received the essential judicial

imprimatur.

NRA also contends that it received "judicial relief" because

Village and City  "fought hard all the way to the Supreme Court"

(N. Mot. 11).  But that is plainly not enough -- as Farrar v.

Hobby, 506 U.S. 103, 112-13 (1992) (internal quotation marks and

citation omitted) put it:

> To be sure, a judicial pronouncement that the defendant has
> violated the Constitution, unaccompanied by an enforceable
> judgment on the merits, does not render the plaintiff a
> prevailing party.  Of itself, the moral satisfaction [that]
> results from any favorable statement of law cannot bestow
> prevailing party status.  No material alteration of the
> legal relationship between the parties occurs until the
> plaintiff becomes entitled to enforce a judgment, consent
> decree, or settlement against the defendant.

And at the risk of repetition, none of those things occurred in

these cases.

Nor is NRA assisted by any of the Seventh Circuit cases that it seeks to call to its aid. Although a mere reading of these opinions confirms their inapplicability to the situation here. this opinion will touch on the obvious distinctions.

Thus <u>Riviera Distribs., Inc. v. Jones</u>, 517 F.3d 927-28 (7th Cir. 2008) found that the plaintiffs were "prevailing parties" under the Copyright Act of 1976, though the district judge had never reached the merits of the case, because the case was dismissed with prejudice. That of course materially altered the legal relationship of the parties, in contrast to the wholly nonsubstantive dismissal of the cases here as moot.

<u>Palmetto Props., Inc. v. County of DuPage</u>, 375 F.3d 542 (7th Cir. 2004) presents a different scenario. There the district court dismissed the case as moot when defendants repealed an ordinance after the district court had held the ordinance unconstitutional on a motion for summary judgment, but before the Court entered final judgment (<u>id</u>. at 545-46). NRA's efforts to parallel its cases with <u>Palmetto</u> totally ignores the wholly different posture of the judicial rulings involved, as explained expressly in <u>Palmetto</u>, <u>id</u>. (emphasis in original):

> In <u>Buckhannon</u> the challenged state law was repealed, thereby mooting the case, <u>before</u> the district court had made <u>any</u> substantive rulings. ... In this case, not only did the district court make a substantive determination ... the County repealed the ordinance only <u>after</u> that determination had been made and presumably <u>because of it</u>.

Indeed, <u>Zessar</u>, 536 F.3d at 797 distinguished <u>Palmetto</u> from its

10

situation, where the district court found an Illinois statute unconstitutional on a motion for summary judgment but did not direct the parties to do anything pending further proceedings as to the appropriate relief.

Lastly in that group, NRA fares no better in its attempted reliance on Southworth v. Bd. of Regents of Univ. of Wis. Sys., 376 F.3d 757 (7th Cir. 2004). There our Court of Appeals (id. at 770) took pains to distinguish between post-trial court-ordered changes and voluntary changes made by the defendant -- the very distinction that this opinion has stressed in the present cases.

NRA tries to attach one more string to its bow, but that too is broken. It cites Young v. City of Chi., 202 F.3d 1000 (7th Cir. 2000)(per curiam), in which the district court granted plaintiffs a preliminary injunction against City, enjoining its imposition of a security perimeter around the 1996 Democratic National Convention. Though City's appeal of the preliminary injunction was later dismissed as moot after the convention ended, because the preliminary injunction of course applied only to that specific convention, Young, id. at 1000-01 upheld the award of fees to plaintiff under Section 1988.

On that score the obvious distinction is that the district court there had already granted relief to plaintiffs via its preliminary injunction order, clearly altering the legal relationship between the two parties. Hence the awarding of fees

11

simply prevented City from "taking steps to moot the case after the plaintiff has obtained the relief he sought" (id.).

### Conclusion

In the context of this case, the lesson taught by Buckhannon and its relevant progeny is that the proverbial handwriting on the wall does not alone suffice to trigger a Section 1988 entitlement to attorney's fees, no matter how clear the penmanship may appear to be. Instead that figurative handwriting must have been memorialized in a judicial ruling or like judicial action, and nothing of the sort had taken place in these two cases before Village and City dispatched their challenged ordinances and thus mooted the two cases. Accordingly NRA's motions for Section 1988 fee awards are denied.[5]

Date:      December 22, 2010     _____
                                 Milton I. Shadur
                                 Senior United States District Judge

---

[5] When these actions came on for a preset status hearing on December 21 for the sole purpose of confirming that the litigants had met head-on in addressing the issues posed by NRA's motions, counsel for plaintiff in the McDonald case appeared and voiced vigorous criticism at having assertedly been kept out of the loop by NRA's counsel. This Court, which of course had no knowledge of anything of the sort (it will be recalled that the cases had been terminated by the dismissal orders based on mootness, so that this Court had no need to follow its normal practice of setting periodic status hearing in all cases pending on its calendar), rejected the motion by McDonald's counsel to stay the determination of the fully briefed motions in these two cases. As this Court assured that lawyer, as and when he may advance a Section 1988 motion in that case this Court will address it on the merits, for which purpose it may or may not find that the McDonald plaintiffs occupy the same position announced here as to NRA (a function of whatever similarities and differences may exist as between the McDonald case and the two NRA cases).

APPEAL, SCHENKIER, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-03697
## Internal Use Only

| | |
|---|---|
| National Rifle Association of America, Inc. et al v. The City of Chicago et al | Date Filed: 06/27/2008 |
| Assigned to: Honorable Milton I. Shadur | Date Terminated: 12/18/2008 |
| Case in other court: 08-04241. | Jury Demand: Defendant |
| Cause: 28:2201 Constitutionality of State Statute(s) | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

**National Rifle Association of America, Inc.**    represented by    **Stephen P. Halbrook**
Attorney at Law
10560 Main St., Suite 404
Fairfax, VA 22030
(703) 352-7276
Email: protell@aol.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen A. Kolodziej**
Brenner, Ford, Monroe & Scott, Ltd
33 North Dearborn Street
Suite 300
Chicago, IL 60602
(312) 781-1970
Email: skolodziej@brennerlawfirm.com

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Kathryn Tyler**    represented by    **Stephen P. Halbrook**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen A. Kolodziej**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Burton**    represented by    **Stephen P. Halbrook**

*TERMINATED: 12/18/2008*                        (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stephen A. Kolodziej**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Van F Welton**                  represented by  **Stephen P. Halbrook**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stephen A. Kolodziej**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brett Benson**                  represented by  **Stephen P. Halbrook**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stephen A. Kolodziej**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The City of Chicago**           represented by  **Andrew W Worseck**
                                                City of Chicago, Department of Law
                                                30 North LaSalle Street
                                                Suite 900
                                                Chicago, IL 60602
                                                (312) 744-9010
                                                Email: aworseck@cityofchicago.org
                                                *ATTORNEY TO BE NOTICED*

                                                **Rebecca Alfert Hirsch**
                                                city of chicago
                                                30 N. LaSalle St
                                                Suite 1230
                                                Chicago, IL 60602
                                                (312) 742-0260
                                                Email:

rebecca.alfert@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**William Macy Aguiar**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: waguiar@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Richard M. Daley**
*Mayor of the City of Chicago*
*TERMINATED: 07/25/2008*

**Defendant**

**M.S.C.A. Vance Medical Administrator**

**Movant**

**Attorney Stephen P. Halbrook**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2008 | 1 | COMPLAINT filed by National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton, Van F Welton, Brett Benson. (jmp, ) (Entered: 06/30/2008) |
| 06/27/2008 | 2 | CIVIL Cover Sheet.(jmp, ) (Entered: 06/30/2008) |
| 06/27/2008 | 3 | ATTORNEY Appearance for Plaintiffs National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton, Van F Welton, Brett Benson by Stephen A. Kolodziej. (jmp, ) (Entered: 06/30/2008) |
| 06/27/2008 | 4 | (Court only) RECEIPT regarding payment of filing fee paid on 6/27/2008 in the amount of $350.00, receipt number 289 4288. (jmp, ) (Entered: 06/30/2008) |
| 07/08/2008 | 5 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752000000002916808. (Attachments: # 1 Exhibit Stephen P. Halbrook court admissions information)(Halbrook, Stephen) (Entered: 07/08/2008) |
| 07/25/2008 | 6 | EXECUTIVE COMMITTEE ORDER: In accordance with the provisions of Local Rule 40.4, Finding of Relatedness, case reassigned to the Honorable Milton I. Shadur for all further proceedings. Signed by Executive Committee on 7/25/2008. (jmp, ) (Entered: 07/28/2008) |
| 07/25/2008 | | (Court only) *** Defendant Richard Daley dismissed in accordance with court's ruling in 08-3645(srn, ) (Entered: 08/18/2008) |

| 07/29/2008 | | (Court only) ***Attorney Stephen P. Halbrook for Brett Benson, National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton and Van F Welton added. (jmp, ) (Entered: 07/29/2008) |
|---|---|---|
| 07/29/2008 | | (Court only) ***Attorney James W. Halbrooks, Jr for National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton, Van F Welton and Brett Benson added. (jmp, ) (Entered: 07/29/2008) |
| 07/29/2008 | 7 | MINUTE entry before the Honorable Milton I. Shadur: Stephen P. Halbrooks motion for leave to appear pro hac vice 5 is granted. Mailed notice <> (jmp, ). (Entered: 07/29/2008) |
| 08/12/2008 | 8 | SUMMONS Issued as to Defendant City of Chicago. (aac, ) (Entered: 08/13/2008) |
| 08/18/2008 | 9 | MINUTE entry before the Honorable Milton I. Shadur:Status hearing held on 8/18/2008. City of Chicago's Answer is due on or before September 2, 2008. Status hearing set for 9/10/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 08/18/2008) |
| 09/02/2008 | 10 | ATTORNEY Appearance for Defendant The City of Chicago by William Macy Aguiar (Aguiar, William) (Entered: 09/02/2008) |
| 09/02/2008 | 11 | ANSWER to Complaint with Jury Demand by The City of Chicago(Aguiar, William) (Entered: 09/02/2008) |
| 09/02/2008 | 12 | NOTICE by The City of Chicago re answer to complaint 11 (Aguiar, William) (Entered: 09/02/2008) |
| 09/03/2008 | 13 | ATTORNEY Appearance for Defendant The City of Chicago by Rebecca Alfert (Alfert, Rebecca) (Entered: 09/03/2008) |
| 09/10/2008 | 14 | MINUTE entry before the Honorable Milton I. Shadur:Status hearing held on 9/10/2008. Status hearing set for 11/10/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 09/10/2008) |
| 09/23/2008 | 15 | ATTORNEY Appearance for Defendant The City of Chicago by Andrew W Worseck (Worseck, Andrew) (Entered: 09/23/2008) |
| 10/22/2008 | 16 | MOTION by Plaintiffs National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton, Van F Welton, Brett Benson to set a briefing schedule *Rule 16 Motion for Briefing and Disposition of Second Amendment Incorporation Issue and to Stay Discovery Pending Same* (Attachments: # 1 Exhibit Defendant's First Document Request, # 2 Exhibit Defendant's First Interrogatories, # 3 Exhibit Letter to Defense Counsel of 10.17.08)(Kolodziej, Stephen) (Entered: 10/22/2008) |
| 10/22/2008 | 17 | *Notice of Motion for Rule 16 Motion for Briefing and Disposition of Second Amendment Incorporation Issue and to Stay Discovery Pending Same* NOTICE of Motion by Stephen A. Kolodziej for presentment of motion by filer to set a briefing schedule, 16 before Honorable Milton I. Shadur on 10/28/2008 at 09:15 AM. (Kolodziej, Stephen) (Entered: 10/22/2008) |
| 10/23/2008 | 18 | MOTION by Plaintiffs National Rifle Association of America, Inc., Kathryn |

| | | |
|---|---|---|
| | | Tyler, Anthony Burton, Van F Welton, Brett Benson to strike *Motion to Strike Jury Demand* (Attachments: # 1 Exhibit Oak Park Motion to Strike Jury Demand)(Kolodziej, Stephen) (Entered: 10/23/2008) |
| 10/23/2008 | 19 | NOTICE of Motion by Stephen A. Kolodziej for presentment of motion to strike, 18 before Honorable Milton I. Shadur on 10/28/2008 at 09:15 AM. (Kolodziej, Stephen) (Entered: 10/23/2008) |
| 10/28/2008 | 20 | MINUTE entry before the Honorable Milton I. Shadur:Motion to set a briefing schedule 16 is granted. Parties' submissions are due on or before December 1, 2008. Motion to strike jury demand 18 is entered and continued to November 10, 2008 at 9:15 a.m. Motion hearing held on 10/28/2008 Status hearing set for 12/4/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 10/29/2008) |
| 11/07/2008 | 21 | MINUTE entry before the Honorable Milton I. Shadur:Motion to strike jury demand 18 is denied as moot. By agreement of the parties the jury demand is withdrawn. The November 10, 2008 status date is stricken. Status hearing set for 12/4/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 11/07/2008) |
| 12/01/2008 | 22 | MEMORANDUM by National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton, Van F Welton, Brett Benson *Memorandum in Support of Claim that the Second Amendment is Incorporated into the Fourteenth Amendment so as to be Applicable to States and Localities* (Kolodziej, Stephen) (Entered: 12/01/2008) |
| 12/01/2008 | 23 | NOTICE by National Rifle Association of America, Inc., Kathryn Tyler, Anthony Burton, Van F Welton, Brett Benson re memorandum, 22 *Notice of Filing* (Kolodziej, Stephen) (Entered: 12/01/2008) |
| 12/03/2008 | 24 | MINUTE entry before the Honorable Milton I. Shadur:The December 4, 2008 status date is stricken. This Court will set a new status date after the completion of the trial that it is currently conducting.Mailed notice (srn, ) (Entered: 12/03/2008) |
| 12/04/2008 | 25 | MINUTE entry before the Honorable Milton I. Shadur:Enter Memorandum Opinion and Order. Status hearing set for 12/9/2008 at 08:45 AM.Mailed notice (srn, ) (Entered: 12/04/2008) |
| 12/04/2008 | 26 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 12/4/2008:Mailed notice(srn, ) (Entered: 12/04/2008) |
| 12/09/2008 | 27 | MINUTE entry before the Honorable Milton I. Shadur:Status hearing held on 12/9/2008. Counsel is to submit a draft order for consideration. Status hearing set for 12/18/2008 at 08:45 AM.Mailed notice (srn, ) (Entered: 12/09/2008) |
| 12/09/2008 | 28 | MOTION by Plaintiff Anthony BurtonDrop Party Plaintiff *Rule 21 Motion to Drop Party Plaintiff* (Kolodziej, Stephen) (Entered: 12/09/2008) |
| 12/09/2008 | 29 | NOTICE of Motion by Stephen A. Kolodziej for presentment of motion for miscellaneous relief 28 before Honorable Milton I. Shadur on 12/18/2008 at 09:15 AM. (Kolodziej, Stephen) (Entered: 12/09/2008) |
| 12/18/2008 | 30 | STIPULATION of Dismissal *Stipulation of Dismissal of Count III of the Complaint With Prejudice* (Kolodziej, Stephen) (Entered: 12/18/2008) |

| 12/18/2008 | 31 | NOTICE by National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton, Brett Benson re stipulation of dismissal 30 *Notice of Filing Stipulation of Dismissal of Count III of the Complaint With Prejudice* (Kolodziej, Stephen) (Entered: 12/18/2008) |
|---|---|---|
| 12/18/2008 | 32 | NOTICE of appeal by National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton, Brett Benson regarding orders 31 Filing fee $ 455, receipt number 07520000000003368579. (Kolodziej, Stephen) (Entered: 12/18/2008) |
| 12/18/2008 | 33 | Amended Notice of Appeal by National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton, Brett Benson (Kolodziej, Stephen) (Entered: 12/18/2008) |
| 12/18/2008 | 37 | MINUTE entry before the Honorable Milton I. Shadur: Status hearing held. Plaintiff's motion to drop party plaintiff is granted [28-1] Anthony Burton is dropped as a party plaintiff. Pursuant to the Stipulation of Dismissal filed 12/1/2008, Count III of the Complaint is hereby dismissed with prejudice. Enter Order. This Court hereby grants the oral motion of the City of Chicago pursuant o Fed. R. Civ. P. 12 for judgment on the pleadings on Counts I and II of the Complaint. Judgment is hereby entered in favor of the City of Chicago and against Plaintiffs on Counts I and II of the complaint. Anthony Burton terminated., Civil case terminated. [For further detail see separate order(s).] Mailed notice (jmp, ) (Entered: 12/22/2008) |
| 12/18/2008 | 38 | ENTER ORDER Signed by the Honorable Milton I. Shadur on 12/18/2008: Mailed notice (jmp, ) (Entered: 12/22/2008) |
| 12/18/2008 | 39 | ENTERED JUDGMENT (jmp, ) (Entered: 12/22/2008) |
| 12/19/2008 | 34 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 12/19/2008) |
| 12/19/2008 | 35 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 32 . Notified counsel (dj, ) (Entered: 12/19/2008) |
| 12/19/2008 | 36 | TRANSMITTED to the 7th Circuit the short record on the amended notice of appeal 32 . Notified counsel (dj, ) (Entered: 12/19/2008) |
| 12/19/2008 | 40 | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal 32 ; USCA Case No. 08-4239. (jmp, ) (Entered: 12/22/2008) |
| 12/19/2008 | 41 | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal 32 ; USCA Case No. 08-4241. (jmp, ) (Entered: 12/22/2008) |
| 12/19/2008 | 42 | CIRCUIT Rule 3(b) Notice regarding appeal 08-4241. (jmp, ) (Entered: 12/22/2008) |
| 12/19/2008 | 43 | NOTICE of case opening regarding appeal #8-4239. by plaintiffs. (jmp, ) (Entered: 12/22/2008) |
| 12/19/2008 | 44 | NOTICE of case opening regarding apeal #8-4241 by plaintiffs. (jmp, ) (Entered: 12/22/2008) |
| 01/07/2009 | 45 | USCA ORDER dated 1/7/2009 regarding notice of appeal 32 ; USCA No. 08- |

| | | |
|---|---|---|
| | | 4239. Upon consideration of the MOTION for voluntary dismissal of appeal No. 08-4239 filed on January 6, 2009 by counsel for the appellants, IT IS ORDERED that the motion is granted and this appeal is dismissed pursuant to Federal Rule of Appellate Procedure 42(b). (jmp,) (Entered: 01/09/2009) |
| 01/07/2009 | 46 | NOTICE OF ISSUANCE OF MANDATE of USCA dated 1/7/2009 regarding notice of appeal 32 ; USCA No. 08-4239 j. Herewith is the mandate of this court in this appeal, along with the bill of costs, if any. A certified copy of the opinion order of the court and judgment, if any, and any direction as to costs shall constitute the mandate. (jmp, ) (Entered: 01/09/2009) |
| 01/20/2009 | 47 | TRANSMITTED to the USCA for the 7th Circuit the long record on appeal 32 (USCA no. 08-4241) consisting of 1 volume of pleadings. (ef, ) (Entered: 01/20/2009) |
| 01/20/2009 | 48 | USCA RECEIVED on 1/20/09 the long record regarding notice of appeal 32 (dj, ) (Entered: 01/22/2009) |
| 01/29/2009 | 49 | CIRCUIT Rule 3(b) Notice. (jmp, ) (Entered: 01/29/2009) |
| 01/29/2009 | 50 | LETTER from the USCA retaining the record on appeal in USCA no. 08-4241. Record to be returned at a later date; Notice of Issuance of Mandate. (jmp, ) (Entered: 01/29/2009) |
| 02/02/2009 | 51 | CERTIFIED copy of order dated 2/2/09 from the USCA regarding notice of appeal 32 ; Appellate case no. : 08-4241 (cdy, ) (Entered: 02/03/2009) |
| 02/02/2009 | 52 | (Court only) RECEIPT regarding payment of filing fee paid for Notice of Appeal on 2/2/2009 in the amount of $455.00, receipt number 4624016262 (08A4241)(cdy, ) (Entered: 02/03/2009) |
| 06/24/2009 | 53 | BILL OF COSTS Taxed in favor of City of Chicago in amount of $ 190.80 and against National Rifle Association of America, Inc., et al. (jmp, ) (Entered: 06/24/2009) |
| 06/24/2009 | 54 | LETTER from the Seventh Circuit returning the record on appeal in USCA no. 08-4241, 08-4244, 08-4243 consisting of three (3) volume pleadings. (kj, ) Modified on 6/26/2009 (kj, ). (Entered: 06/26/2009) |
| 12/31/2009 | 56 | RECORD for certiorari transmittal form from the Seventh Circuit.(tc, ) (Entered: 01/04/2010) |
| 01/04/2010 | 55 | TRANSMITTED to the US Supreme Ct. the long record on appeal 32 (USCA no. 08-4241)(via E-mail) (dj, ) (Entered: 01/04/2010) |
| 09/16/2010 | 57 | LETTER from the Seventh Circuit regarding the record on appeal in USCA nos. 08-4241, 08-4243, 08-4244: no record to be returned. (psm, ) (Entered: 09/17/2010) |
| 09/16/2010 | 58 | MANDATE of USCA dated 8/25/2010 regarding notice of appeal 32 ; USCA No. 08-4241, 08-4243, 08-4244; We VACATE the district court's judgments and REMAND with instructions to dismiss as moot. The above is in accordance with the decision of this court entered on this date. Appellants (McDonald and NRA) recover costs. (psm, ) (Entered: 09/17/2010) |
| | | |

| | | |
|---|---|---|
| 09/16/2010 | 59 | OPINION from the USCA for the Seventh Circuit dated 8/25/2010 in USCA case nos. 08-4241, 08-4243, 08-4244. (psm, ) (Entered: 09/17/2010) |
| 09/16/2010 | 60 | BILL of Costs from the USCA Appeal nos. 08-4241, 08-4243, 08-4244. (psm, ) (Entered: 09/17/2010) |
| 09/16/2010 | 61 | BILL of Costs from the USCA Appeal nos. 08-4241, 08-4243, 08-4244. (psm, ) (Entered: 09/17/2010) |
| 09/16/2010 | 62 | BILL of Costs from the USCA Appeal nos. 08-4241, 08-4243, 08-4244. (psm, ) (Entered: 09/17/2010) |
| 10/12/2010 | 63 | MINUTE entry before Honorable Milton I. Shadur:This action is hereby dismissed as moot.Mailed notice (srn, ) (Entered: 10/12/2010) |
| 10/21/2010 | 64 | MOTION by Plaintiffs Brett Benson, National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton for attorney fees *Motion for Entry of Schedule for Motion for Attorneys' Fees* (Kolodziej, Stephen) (Entered: 10/21/2010) |
| 10/21/2010 | 65 | *Notice of Motion for Entry of Schedule for Motion for Attorneys' Fees* NOTICE of Motion by Stephen A. Kolodziej for presentment of motion for attorney fees 64 before Honorable Milton I. Shadur on 10/26/2010 at 09:15 AM. (Kolodziej, Stephen) (Entered: 10/21/2010) |
| 10/26/2010 | 66 | MINUTE entry before Honorable Milton I. Shadur:Motion for attorney fees 64 is entered and continued. Simultaneous cross filings and supporting memorandum as to prevailing party status are to be filed on or before 11/23/10. Motion hearing held on 10/26/2010. Status hearing set for 11/29/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 10/26/2010) |
| 11/10/2010 | 67 | MOTION by Defendant The City of Chicago for extension of time *to file cross briefs regarding prevailing party status* (Hirsch, Rebecca) (Entered: 11/10/2010) |
| 11/10/2010 | 68 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of extension of time 67 before Honorable Milton I. Shadur on 11/16/2010 at 09:15 AM. (Hirsch, Rebecca) (Entered: 11/10/2010) |
| 11/12/2010 | 69 | MINUTE entry before Honorable Milton I. Shadur:Motion for extension of time to file briefs regarding prevailing party status to and including 12/15/10 67 is granted. Status hearing set for 12/21/2010 at 09:00 AM. The 11/29 status date is vacated.Mailed notice (srn, ) (Entered: 11/12/2010) |
| 12/15/2010 | 70 | MEMORANDUM by The City of Chicago *Contesting Plaintiffs' Status As Prevailing Parties Entitled To Attorneys' Fees* (Attachments: # 1 Exhibit Exhibits A through D)(Hirsch, Rebecca) (Entered: 12/15/2010) |
| 12/15/2010 | 71 | MEMORANDUM motion for attorney fees 64 by Brett Benson, National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton *Memorandum In Support of Plaintiffs' "Prevailing Party" Status in Relation to Their Motion for Attorneys' Fees* (Attachments: # 1 Appendix Reports of Proceedings) (Kolodziej, Stephen) (Entered: 12/15/2010) |
| | | |

| 12/15/2010 | 72 | CERTIFICATE of Service by Stephen A. Kolodziej on behalf of Brett Benson, National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton regarding memorandum, 71 (Kolodziej, Stephen) (Entered: 12/15/2010) |
|---|---|---|
| 12/21/2010 | 73 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 12/21/2010.Mailed notice (srn, ) (Entered: 12/21/2010) |
| 12/22/2010 | 74 | MINUTE entry before Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. Accordingly NRA's motions for Section 1988 fee awards are denied. 64 Mailed notice (srn, ) (Entered: 12/22/2010) |
| 12/22/2010 | 75 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 12/22/2010:Mailed notice(srn, ) (Entered: 12/22/2010) |
| 12/27/2010 | 76 | NOTICE of appeal by Brett Benson, National Rifle Association of America, Inc., Kathryn Tyler, Van F Welton regarding orders 74 , 75 Filing fee $ 455, receipt number 0752-5553200. (Attachments: # 1 Exhibit Memorandum Opinion and Order 12/22/2010)(Kolodziej, Stephen) (Entered: 12/27/2010) |
| 12/27/2010 | 77 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 12/27/2010) |