No. 10-3957



# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., DR. KATHRYN
TYLER, VAN F. WELTON, and
BRETT BENSON

    Plaintiffs-Appellants,

v.

CITY OF CHICAGO,

    Defendant-Appellee.



Plaintiffs-Appellants' Docketing Statement

Stephen P. Halbrook
**Counsel of Record**

and

BRENNER, FORD, MONROE
& SCOTT, LTD.
Stephen A. Kolodziej – Local
Counsel

Counsel for Appellants:
National Rifle Association of
America, Inc., Dr. Kathryn Tyler,
Van. F. Welton and Brett Benson

Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
Telephone: (312) 781-1970
Facsimile: (312) 781-9202

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, Virginia 22030
Tel. (703) 352-7276

Pursuant to Circuit Court Rule 3(c)(1), Plaintiffs-Appellants National Rifle Association of America, Inc., Dr. Kathryn Tyler, Van F. Welton and Brett Benson, through their attorneys, Stephen P. Halbrook and Brenner, Ford, Monroe & Scott, Ltd., file this Docketing Statement, and in support hereof state as follows:

I.  Jurisdictional Statement

A.  Background of Case and Date of Appealable Order

1.  On June 27, 2008, Plaintiffs-Appellants filed the instant action with the United States District Court for the Northern District of Illinois. (Dist. Ct. Dkt. No. 1.)

2.  At the time the Complaint was filed, Defendant-Appellee City of Chicago had in place an ordinance that prohibited the possession of a handgun within Chicago except under certain specified circumstances.

3.  Plaintiffs-Appellants sought relief from the handgun ban pursuant to 42 U.S.C. § 1983. Count I of the Complaint claimed that Chicago's ban on the possession of handguns violated the Second Amendment to the United States Constitution. Count II of the Complaint claimed that the exceptions to the handgun ban denied Plaintiffs-Appellants and members of Plaintiff NRA equal protection under the laws, guaranteed by the Fourteenth Amendment, by irrationally applying the handgun ban to them but not to certain other individuals. Count III of the Complaint claimed that certain portions of Chicago's firearms ordinance prohibiting transportation of handguns violated 18 U.S.C. § 926A.

4. On December 18, 2008, the District Court ruled that, because Plaintiffs-Appellants' Second Amendment and Equal Protection claims both depended on application of the Second Amendment to the Chicago handgun ban, and because the Second Amendment did not apply to state or local laws, those claims were required to be dismissed. (Dist. Ct. Dkt. No. 38.) In addition, the Court dismissed Plaintiffs-Appellants' § 926A claim, *with prejudice.* (Dist. Ct. Dkt. No. 37.)

5. Plaintiffs-Appellants appealed the District Court's dismissal of Counts I and II of the Complaint. (Dist. Ct. Dkt. No. 32, 33.) On appeal, this Court ruled that prior Supreme Court precedent held that the Second Amendment did not apply to state and local governments, and therefore affirmed the District Court's decision. (App. Ct. Dkt. No. 72.) Plaintiffs-Appellants sought *certiorari* from the United States Supreme Court. *Certiorari* was granted in a related case on September 30, 2009, rendering Plaintiffs-Appellants as Respondents in Support of Petitioners. (App. Ct. Dkt. No. 79; U.S. Supreme Court Rule 12(6).)

6. On June 28, 2010, the Supreme Court ruled that the Second Amendment Applies to state and local governments, effectively invalidating Chicago's handgun ban. *See McDonald v. City of Chicago,* 561 U.S. ___ (2010). The Supreme Court thus reversed this Court's decision and remanded these proceedings with instructions for this Court to act consistently with the Supreme Court's *McDonald* decision. (App. Ct. Dkt. No. 84.)

7. Recognizing that its handgun ban could not stand in light of the *McDonald* holding, on July 2, 2010, Chicago voted to amend its handgun ordinance to allow possession of a handgun consistent with the Supreme Court's decision in *McDonald* and *District of Columbia v. Heller*, 554 U.S. 570 (2008).

8. Based on the repeal of Chicago's handgun ban, on August 25, 2010, this Court remanded this case to the District Court with instructions to dismiss the case as moot. (App. Ct. Dkt. No. 92.)

9. On October 12, 2010, the District Court dismissed this action as moot. (Dist. Ct. Dkt. No. 63.) On October 21, 2010, Plaintiffs-Appellants filed a motion with the District Court seeking a scheduling order that would govern the exchange of information necessary for Plaintiffs-Appellants to obtain an award of their fees and costs as prevailing parties pursuant to 42 U.S.C. § 1988. (Dist. Ct. Dkt. No. 64.)

10. On December 15, 2010, Plaintiffs-Appellants and Defendant-Appellee, City of Chicago, filed cross briefs on the issue of whether Plaintiffs-Appellants are prevailing parties under 42 U.S.C. § 1988. (Dist. Ct. Dkt. Nos. 70 and 71.)

11. On December 22, 2010, the District Court ruled that Plaintiffs-Appellants are not prevailing parties pursuant to 42 U.S.C. § 1988, and denied Plaintiffs-Appellants' request for attorneys' fees. (Dist. Ct. Dkt. No. 75.)

12. Plaintiffs-Appellants now appeal the District Court's decision.

B. Bases of Jurisdiction

13. The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arose under the United States Constitution and laws of

the United States, and under 28 U.S.C. § 1343(a)(3), in that this action sought to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities secured by the Second and Fourteenth Amendments to the United States Constitution. After dismissal of this matter, the District Court retained jurisdiction to rule on any request by Plaintiffs-Appellants for the award of attorney's fees. *See, e.g., Great Lakes Dredge & Dock Co. v. Comm. Union Assurance Co.*, No. 94 C 2579, 2000 WL 1898533, at *13 (N.D. Ill. Sept. 18, 2000) ("Because post-judgment motions for attorneys' fees and costs are separate from and collateral to the final decision on the merits, the court retains jurisdiction to decide the motions"); *Harrington v. New England Mut. Life Ins. Co.*, No. 84 C 6669, 1988 WL 96550, at *1 (N.D. Ill. Sept. 7, 1988) ("this Court retains jurisdiction to determine the recoverability of attorneys' fees, even though this Court has previously given a 'final decision' on the merits of the case").

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1291. Plaintiffs-Appellants appeal from a final judgment of the District Court, which denied Plaintiffs-Appellants their attorney's fees in this action. This Court has held that a denial of attorney's fees creates appellate jurisdiction separate from the merits of the underlying case. *See Hastert v. Illinois State Bd. of Election Com'rs*, 28 F.3d 1430, 1437, 1438-39 (7th Cir. 1993).

C. Timely Filing of Notice of Appeal

15. On December 22, 2010, the District Court entered judgment against Plaintiffs-Appellants by holding that Plaintiffs-Appellants are not entitled to recover their attorney's fees. (Dist. Ct. Dkt. No. 74 and 75.) On December 27, 2010, Plaintiffs-Appellants filed a Notice of Appeal, stating that they were appealing to the United States Court of Appeals for the Seventh Circuit from the District Court's December 22, 2010 order. (Dist. Ct. Dkt. No. 76.)

II. Additional Matters

16. As stated above, Plaintiffs-Appellants previously appealed a decision by the District Court in this matter. That matter is captioned *National Rifle Association of America, Inc., et al. v. City of Chicago, et al.*, No. 08-4241.

17. There has been no prior litigation in the District Court of the type described in Circuit Rule 3(c)(1).

18. None of the parties to the appeal appears in an official capacity.

Dated: January 3, 2011.

Respectfully submitted,

NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, VAN F. WELTON and BRETT BENSON,

Plaintiffs

BY: _____
One of Their Attorneys

Counsel of Record:

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276
Fax (703) 359-0938

Local Counsel:

Stephen A. Kolodziej
BRENNER, FORD, MONROE
& SCOTT, LTD.
300 S. Dearborn St., Suite 300
Chicago, Illinois 60602
Tel (312) 781-1970
Fax (312) 781-9202