O+3Ctr

NO. 10-3965

U.S.C.A. – 7th Circuit
RECEIVED

JAN 1 8 2011 SMP

GINO J. AGNELLO
CLERK

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., ) ) ) | Appeal from the U.S. District Court for the Northern District of Illinois |
| Plaintiffs-Appellants, ) ) | |
| vs. ) ) | Case No. 08 CV 3696 |
| ) ) | Judge Milton I. Shadur |
| VILLAGE OF OAK PARK, ) ) | |
| Defendant-Appellee. ) | |

## DEFENDANT-APPELLEE'S RESPONSE TO PLAINTIFFS-APPELLANTS' DOCKETING STATEMENT

U.S.C.A. – 7th Circuit
FILED

JAN 1 8 2011 LEJ

GINO J. AGNELLO
CLERK

Ranjit Hakim
Alexandra E. Shea
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
312-701-8758 – Telephone
312-706-9124 – Facsimile

*Attorneys for Village of Oak Park*

9283096.1 08122450

Pursuant to Circuit Court Rule 3(c)(1), Defendant-Appellee Village of Oak Park ("Oak Park"), through its attorney, Mayer Brown LLP, submits the following corrections to the docketing statement filed on January 3, 2011 by Plaintiffs-Appellants National Rifle Association of America, Inc., Robert Klein Engler and Dr. Gene A. Reisinger (collectively "NRA"):

**I. Correction**

This Court has already identified that the appeal in this case is related to *National Rifle Association of America, Inc. v. City of Chicago,* No. 10-3957, and *McDonald v. City of Chicago,* No. 11-1016, and ordered that all three matters be consolidated for the purpose of briefing and disposition. Order, Dkt. 6. Oak Park does not contest the bases for jurisdiction or the timely nature of the NRA's filing of its notice of appeal as set out in its docketing statement. Oak Park, however, submits that the NRA's docketing statement contains inaccuracies regarding the background of the case. Oak Park highlights these corrections here. For ease of reference, Oak Park has attached the NRA's docketing statement as Exhibit A.

In Paragraph 5 of its docketing statement, NRA recounts that this case was previously before the Seventh Circuit. After the Seventh Circuit affirmed the District Court's order that then-current Supreme Court precedent barred the application of the Second Amendment to state and local regulations, NRA states "Plaintiffs-Appellants sought *certiorari* from the Untied States Supreme Court, which granted was granted on September 30, 2009." NRA's Docketing Statement,

¶ 5, Dkt. 3.

This is incorrect. Although NRA did seek *certiorari* from the United States Supreme Court, NRA's petition was held until after a decision by the U.S. Supreme Court in *McDonald v. City of Chicago*. *Certiorari* was granted in that related case on September 30, 2009. *See McDonald v. City of Chicago*, 130 S. Ct. 48 (2010). NRA was not granted *certiorari* on its petition until June 29, 2010. *See NRA v. City of Chicago*, 130 S. Ct. 3544 (2010).

In Paragraph 6, NRA asserts that the U.S. Supreme Court ruling in *McDonald v. City of Chicago*, "effectively invalidat[ed] Oak Park's handgun ban." Further, in Paragraph 7, NRA asserts that Oak Park voted to amend its handgun ordinance because it "[r]ecogniz[ed] that its handgun ban could not stand in light of the *McDonald* holding." Oak Park agrees that it amended its handgun ordinance and that the *McDonald* decision ruled that the Second Amendment applies to state and local government regulations. Oak Park disagrees that such a holding effectively invalidated its handgun ordinance.

Dated: January 18, 2011

Respectfully submitted,
VILLAGE OF OAK PARK

BY: _____

Ranjit Hakim
Alexandra E. Shea
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
312-701-8758 – Telephone

312-706-9124 – Facsimile

# EXHIBIT A

No. 10-3965

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., ROBERT
KLEIN ENGLER and DR. GENE A.
REISINGER,

   Plaintiffs-Appellants,

v.

VILLAGE OF OAK PARK,

   Defendant-Appellee.

Plaintiffs-Appellants' Docketing Statement

Stephen P. Halbrook

and

FREEBORN & PETERS LLP
William N. Howard

Counsel for Appellants:
National Rifle Association of
America, Inc.,
Robert Klein Engler
and Dr. Gene A. Reisinger

311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6415
Facsimile: (312) 360-6996

Pursuant to Circuit Court Rule 3(c)(1), Plaintiffs-Appellants National Rifle Association of America, Inc., Robert Klein Engler and Dr. Gene A. Reisinger ("Plaintiffs-Appellants"), through their attorneys, Stephen P. Halbrook and Freeborn & Peters LLP, file this Docketing Statement, and in support hereof state as follows:

I.  Jurisdictional Statement

   A.  Background of Case and Date of Appealable Order

   1.  On June 27, 2008, Plaintiffs-Appellants filed the instant action with the United States District Court for the Northern District of Illinois. (Dist. Ct. Dkt. No. 1.)

   2.  At the time the Complaint was filed, Defendant-Appellee Oak Park had in place an ordinance that prohibited the possession of a handgun within Oak Park except under certain specified circumstances.

   3.  Plaintiffs-Appellants sought relief from the handgun ban pursuant to 42 U.S.C. § 1983. Count I of the Complaint claimed that Oak Park's ban on the possession of handguns violated the Second Amendment to the United States Constitution. Count II of the Complaint claimed that the exceptions to the handgun ban denied Plaintiffs-Appellants and members of Plaintiff NRA equal protection under the laws, guaranteed by the Fourteenth Amendment, by irrationally applying the handgun ban to them but not to certain other individuals. Count III of the Complaint claimed that certain portions of Oak Park's firearms ordinance prohibiting transportation of handguns violated 18 U.S.C. § 926A.

4.   On December 18, 2008, the District Court ruled that, because Plaintiffs-Appellants' Second Amendment and Equal Protection claims both depended on application of the Second Amendment to the Oak Park handgun ban, and because the Second Amendment did not apply to state or local laws, those claims were required to be dismissed. (Dist. Ct. Dkt. No. 36.) In addition, the Court dismissed Plaintiffs-Appellants' § 926A claim, *with prejudice.* (Dist. Ct. Dkt. No. 35.)

5.   Plaintiffs-Appellants appealed the District Court's dismissal of Counts I and II of the Complaint. (Dist. Ct. Dkt. No. 40.) On appeal, this Court ruled that prior Supreme Court precedent held that the Second Amendment did not apply to state and local governments, and therefore affirmed the District Court's decision. (App. Ct. Dkt. No. 69.) Plaintiffs-Appellants sought *certiorari* from the United States Supreme Court, which was granted on September 30, 2009. (App. Ct. Dkt. No. 76.)

6.   On June 28, 2010, the Supreme Court ruled that the Second Amendment Applies to state and local governments, effectively invalidating Oak Park's handgun ban. *See McDonald v. City of Chicago,* 561 U.S. ___ (2010). The Supreme Court thus reversed this Court's decision and remanded these proceedings with instructions for this Court to act consistently with the Supreme Court's *McDonald* decision.

7.   Recognizing that its handgun ban could not stand in light of the *McDonald* holding, on July 19, 2010, Oak Park voted to amend its handgun

ordinance to allow possession of a handgun consistent with the Supreme Court's decision in *McDonald* and *District of Columbia v. Heller*, 554 U.S. 570 (2008).

8.  Based on the repeal of Oak Park's handgun ban, on August 24, 2010, this Court remanded this case to the District Court with instructions to dismiss the case as moot. (App. Ct. Dkt. No. 88.)

9.  On October 12, 2010, the District Court dismissed this action as moot. (Dist. Ct. Dkt. No. 53.) On October 23, 2010, Plaintiffs-Appellants filed a motion with the District Court seeking a scheduling order that would govern the exchange of information necessary for Plaintiffs-Appellants to obtain an award of their fees and costs as prevailing parties pursuant to 42 U.S.C. § 1988. (Dist. Ct. Dkt. No. 54.)

10. On December 15, 2010, Plaintiffs-Appellants and Defendant-Appellee, Oak Park, filed cross briefs on the issue of whether Plaintiffs-Appellants are prevailing parties under 42 U.S.C. § 1988. (Dist. Ct. Dkt. Nos. 61 and 62.)

11. On December 22, 2010, the District Court ruled that Plaintiffs-Appellants are not prevailing parties pursuant to 42 U.S.C. § 1988, and denied Plaintiffs-Appellants' request for attorneys' fees. (Dist. Ct. Dkt. No. 67.)

12. Plaintiffs-Appellants now appeal the District Court's decision.

B.  Bases of Jurisdiction

13. The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arose under the United States Constitution and laws of the United States, and under 28 U.S.C. § 1343(3), in that this action sought to redress the deprivation, under color of the laws, statutes, ordinances, regulations,

customs and usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities secured by the Second and Fourteenth Amendments to the United States Constitution. After dismissal of this matter, the District Court retained jurisdiction to rule on any request by Plaintiffs-Appellants for the award of attorneys fees. *See, e.g., Great Lakes Dredge & Dock Co. v. Comm. Union Assurance Co.*, No. 94 C 2579, 2000 WL 1898533, at *13 (N.D. Ill. Sept. 18, 2000) ("Because post-judgment motions for attorneys' fees and costs are separate from and collateral to the final decision on the merits, the court retains jurisdiction to decide the motions"); *Harrington v. New England Mut. Life Ins. Co.*, No. 84 C 6669, 1988 WL 96550, at *1 (N.D. Ill. Sept. 7, 1988) ("this Court retains jurisdiction to determine the recoverability of attorneys' fees, even though this Court has previously given a 'final decision' on the merits of the case").

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1291. Plaintiffs-Appellants appeal from a final judgment of the District Court, which denied Plaintiffs-Appellants their attorneys fees in this action. This Court has held that a denial of attorneys fees creates appellate jurisdiction separate from the merits of the underlying case. *See Hastert v. Illinois State Bd. of Election Com'rs*, 28 F.3d 1430, 1437, 1438-39 (7th Cir. 1993).

C.     **Timely Filing of Notice of Appeal**

15.     On December 22, 2010, the District Court entered judgment against Plaintiffs-Appellants by holding that Plaintiffs-Appellants are not entitled to recover their attorneys fees. (Dist. Ct. Dkt. No. 67.) On December 27, 2010,

Plaintiffs-Appellants filed a Notice of Appeal, stating that they were appealing to the United States Court of Appeals for the Seventh Circuit from the District Court's December 22, 2010 order. (Dist. Ct. Dkt. No. 68.)

II.   Additional Matters

16.   As stated above, Plaintiffs-Appellants previously appealed a decision by the District Court in this matter. That matter is captioned *National Rifle Association of America, Inc., et al. v. Village of Oak Park*, No. 08-4243.

17.   There has been no prior litigation in the District Court of the type described in Circuit Rule 3(c)(1).

17.   None of the parties to the appeal appears in an official capacity.

Dated: January 3, 2011

Respectfully submitted,

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., ROBERT KLEIN
ENGLER, and DR. GENE A. REISINGER
Plaintiffs

BY: _____
One of Their Attorneys

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276
Fax (703) 359-0938

Local Counsel:
William N. Howard, Esq.
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel (312) 360-6415
Fax (312) 360-6573

2199870v1

**CERTIFICATE OF SERVICE**

The undersigned attorney states that he caused a true and correct copy of Plaintiffs-Appellants Docketing Statement in Case No. 10-3965 to be served upon the parties of record in this matter, as shown below, by placing said document in an envelope correctly addressed to the below-named, with postage pre-paid and depositing same with the United States Post Office at 311 South Wacker Drive, Chicago, Illinois on January 3, 2011.

                                                /s/ Daniel S. Dooley
                                                Daniel S. Dooley

Ranjit Hakim
Alexandra E. Shea
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
e-mail: courtnotification@mayerbrown.com

Lance C. Malina
Jacob Henry Karaca
Klein, Thorpe & Jenkins, Ltd.
20 N. Wacker Dr., Suite 1660
Chicago, IL 60606-2903
email: lcmalina@ktjnet.com
       jhkaraca@ktjnet.com

2202940v1

# CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Village of Oak Park, hereby certifies that on January 18, 2011, he served true and correct copies of the foregoing **DEFENDANT-APPELLEE'S RESPONSE TO PLAINTIFFS-APPELLANTS' DOCKETING STATEMENT** upon the parties of record via U.S. mail at the addresses listed below:

Stephen P. Halbrook, Esq.
3925 Chain Bridge Rd., Suite 403
Fairfax, VA 22030

William N. Howard
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606

Lance C. Malina
Jacob Henry Karaca
KLEIN, THORPE & JENKINS, LTD.
20 N. Wacker Dr., Suite 1660
Chicago, IL 60606

Ranjit Hakim

9283096.1 08122450