# SHORT APPENDIX

## TABLE OF CONTENTS

| Page | Dkt. No. | Date | Description |
|---|---|---|---|
| SA-1 | 67 | 12/22/10 | *National Rifle Association, et al. v. Village of Oak Park, et al.*, Nos. 08 C 3696, 08 C 3697 - Memorandum Opinion and Order |
| SA-14 | 77 | 01/07/11 | *National Rifle Association, et al. v. Village of Oak Park, et al.*, Nos. 08 C 3696, 08 C 3697 – Supplement to Memorandum Opinions and Orders |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08 C 3696 |
| VILLAGE OF OAK PARK, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08 C 3697 |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

National Rifle Association of America, Inc. ("NRA") has filed motions, pursuant to 42 U.S.C. §1988,[1] each seeking an award of attorney's fees in a now-closed Section 1983 lawsuit that had been initiated by NRA some 2-1/2 years ago -- one of them targeting the Village of Oak Park ("Village") and the other brought against the City of Chicago ("City"). Both motions[2]

---

[1] All further references to Title 42's provisions will simply take the form "Section --."

[2] Because NRA has filed identical motions in each case and because Village has adopted City's response as its own, this opinion cites to NRA's motions as "N. Mot. --" and to the City-

follow the cases' journey to the Supreme Court and back again, ending with the dismissal of both actions by this Court on mootness grounds. For the reasons stated below, both NRA motions are denied.

### Factual Background

NRA filed these lawsuits one day after the Supreme Court decided Dist. of Columbia v. Heller, 554 U.S. 570 (2008). This Court properly requested, and the Executive Committee of this District Court granted, the reassignment of both cases to its docket based on their relatedness to McDonald v. City of Chicago, 08 C 3645, which had been filed on the same morning that Heller was decided. All three cases charged that municipal ordinances that made it unlawful for any person to posses a handgun ran afoul of the Second Amendment, as incorporated against the States via the Fourteenth Amendment.

Because this Court followed (as it was obligated to do) existing Supreme Court and Seventh Circuit precedent (both pre-Heller, of course), it ruled that the Second Amendment was not incorporated against the States, and Village and City were therefore granted judgment on the pleadings. After consolidating the appeals in all three cases, our Court of Appeals affirmed this Court's ruling in NRA v. City of Chi., 567 F.3d 856 (7th Cir. 2009).

---

Village responses as "C. Mot. -."

NRA and McDonald then filed separate petitions for writs of certiorari in the Supreme Court. Although the Supreme Court granted the McDonald petition, it did not act on the NRA petition until after it issued its June 28, 2010 opinion in McDonald v. City of Chi., 130 S. Ct. 3020 (2010), holding that the Fourteenth Amendment does incorporate the Second Amendment. On the next day the Supreme Court granted NRA's petition and remanded the case to the Seventh Circuit for further proceedings (NRA v. City of Chi., 130 S.Ct. 3544 (2010)).

Three days later (on July 2) City replaced its gun ordinance with one that does not contain a total ban on handguns (Journal of the Proceedings of the City Council of the City of Chicago, Illinois at 96235). For its part, Village repealed its gun ordinance on July 19 (Approved Minutes -- Regular Board Meeting, Village of Oak Park p.4, http://www.oak-park.us/public/pdfs/2010%20Minutes/07.19.10_minutes.pdf). In light of those actions, our Court of Appeals vacated this Court's judgment in all three cases and remanded with instructions to dismiss them as moot (NRA v. City of Chi., 2010 WL 3398395 (7th Cir. Aug. 25)). On October 12, 2010 this Court followed that direction.

**Attorney's Fee Awards under Section 1988**

Both sides agree that the Supreme Court opinion in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &

3

Human Resources, 532 U.S. 598 (2001) brought a sea change in the jurisprudence governing Section 1988 attorney's fee awards. It deep-sixed the "catalyst" concept that the vast majority of federal courts had been applying consistently in that area, replacing it instead with a more demanding standard.

Section 1988(b) states that in a Section 1983 action "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." In the wake of Buckhannon the Supreme Court has reconfirmed its earlier view that "[t]he touchstone of the prevailing party inquiry ... is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute" (Sole v. Wyner, 551 U.S. 74, 82 (2007) (internal quotation marks omitted)).

On that score Buckhannon, 532 U.S. at 604 had held "that enforceable judgments on the merits and court-ordered consent decrees create" the essential "material alteration." Thus the Court distinguished settlements memorialized by consent decrees from private settlements on the ground that consent decrees are "court-ordered" (id.). In elaborating on its reasons for rejecting the "catalyst theory," the Court reasoned that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change"

4

(id. at 605). Buckhannon, id. at 606 (internal quotation marks omitted) succinctly summarized the Court's concerns and the applicable standard:

> We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the sought-after designation without obtaining any judicial relief.

Closer to the bone, our Court of Appeals has implemented Buckhannon in Zessar v. Keith, 536 F.3d 788 (7th Cir. 2008), a case where as here a statute had been found unconstitutional. Zessar, id. at 796 held that alone was not enough -- instead such a situation "gives a plaintiff a hurdle to overcome if he is to show that he is a prevailing party because the Supreme Court has repeatedly held that, other than a settlement made enforceable under a consent decree, a final judgment on the merits is the normative judicial act that creates a prevailing party." NRA fails to clear that hurdle.

Simply put, there has never been a final judgment on the merits in these cases. There was no final court order requiring Village or City to do anything. After the Supreme Court remanded the cases to the Seventh Circuit for proceedings consistent with its McDonald opinion, this Court never had the opportunity to conduct such proceedings because it was ordered by the Court of Appeals to dismiss the cases as moot. Both Village (by repealing its ordinance) and City (by adopting a new one that eliminated

5

any outright prohibition) forwent the alternative of litigating the actions to an ultimate conclusion.

It must be remembered that these cases have been closed by final judgments of dismissal. If either Village or City were to decide to reenact its previous ordinance, NRA would not be able to bring an enforcement action based upon some action previously taken by this Court. It would instead be required to file new lawsuits to seek judgments on the merits. This is just another way of demonstrating that there was no court-ordered or court-implemented material alteration of any legal relationship in either action. Under the prevailing precedents, NRA cannot fairly be said to be a "prevailing party" under Section 1988.

And there is more to the same effect from our Court of Appeals. Walker v. Calumet City, 565 F.3d 1031 (7th Cir. 2009), considered a case that had originated before this Court, one in which plaintiff had sued claiming that municipality's point-of-sale ordinance violated plaintiff's constitutional rights. Upon reinspection of plaintiff's property, Calumet City found it to be in compliance and moved to dismiss the case as moot (id. at 1033). This Court issued a dismissal order that in part listed representations made by the city that it would not renege on its promises (id.). Then our Court of Appeals reversed this Court's later award of attorney's fees under Section 1988 because there, as here, this Court had "never reached the merits of

6

[plaintiff's] claims" (id. at 1034) and its order "did not provide for judicial enforcement" or "vest the court with continuing jurisdiction" (id. at 1035).

Fed'n of Adver. Representatives, Inc. v. City of Chi., 326 F.3d 924 (7th Cir. 2003) is also instructive. There plaintiff claimed that City's advertising restrictions violated the First Amendment (id. at 928). After the Supreme Court had invalidated a similar restriction in a Massachusetts case,[3] Judge Kennelly granted City's motion for dismissal on mootness grounds in response to plaintiff's motion for summary judgment. In deciding the "prevailing party" issue on appeal, the Seventh Circuit assumed without deciding that City had changed its ordinance in response to the Supreme Court decision but still found that plaintiff was not entitled to "prevailing party" status (id. at 933).

NRA correctly points out that one reason for that decision was that plaintiff was not a party to the relevant Supreme Court case (id.). But even if NRA can distinguish the instant cases from Federation on the basis that it was a party to the Supreme

---

[3] Ironically the Federation case had originally been assigned to this Court's calendar, and it held City's ordinance invalid on preemption grounds. Then our Court of Appeals held such total preemption was incorrect and reversed in part, sending the case back. Further District Court proceedings were before this Court's colleague Honorable Matthew Kennelly, and it was during those later proceedings that the Supreme Court's decision on the Massachusetts statute confirmed the correctness of this Court's original preemption decision.

Court decision in McDonald,[4] that contention blithely ignores the second and independent reason announced in Federation, id. as to why City's change of conduct in response to the Supreme Court decision did not confer "prevailing party" status on the plaintiff there:

> Even assuming after [the Supreme Court decision], the district court would have granted [plaintiff's] motion had the [defendant] not repealed its ordinance, the fact remains that no such ruling was made and thus no judicial relief was awarded to Federation.

By the same token, even assuming that this Court would have ruled for NRA had Village and City not done away with their challenged ordinances, no such relief was awarded, and so no "prevailing party" status can be conferred.

NRA fares no better with its other arguments. Though all of them could be dispatched on the basis of the clear teaching of

---

[4] N. Mot. 2-3 argues in contrast that NRA should win prevailing party status by virtue of being designated a party respondent by the Supreme Court in McDonald. But that argument is a red herring. As Village and City correctly point out and as evidenced by the rest of this opinion, NRA's party-respondent status in the Supreme Court is irrelevant because the Supreme Court's decision in McDonald -- which, it will be remembered, resulted in no judicial implementation on remand -- did not meet the requirements of Section 1988 under Buckhannon (C. Mot. 5-6). Indeed, NRA's argument demonstrates its essential reliance on the "catalyst theory." Disputes over whether a litigant was a party to a decision where the bound parties cannot easily be determined, unlike a judgment on the merits or a consent decree, invite the additional round of litigation expressly disfavored by Buckhannon, 532 U.S. at 609. That said, this discussion should not be misunderstood as foreclosing any arguments that the plaintiff in McDonald may raise to differentiate himself from NRA for the purposes of "prevailing party" inquiry (more on this later).

8

Buckhannon and its progeny as already described, this action will go on to treat them -- albeit with some brevity.

First NRA argues that in the wake of McDonald, Village and City publicly acknowledged that their handgun bans were unconstitutional (N. Mot. 6-9). NRA cites numerous public statements to that effect, both to the press and in the context of local political proceedings (id.). But that amounts to nothing more than (to paraphrase Matthew 9:17) seeking to put the old "catalyst theory" wine into new bottles. Public statements, however numerous and forceful, do not grant "prevailing party" status when they have not received the essential judicial imprimatur.

NRA also contends that it received "judicial relief" because Village and City "fought hard all the way to the Supreme Court" (N. Mot. 11). But that is plainly not enough -- as Farrar v. Hobby, 506 U.S. 103, 112-13 (1992) (internal quotation marks and citation omitted) put it:

> To be sure, a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, the moral satisfaction [that] results from any favorable statement of law cannot bestow prevailing party status. No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.

And at the risk of repetition, none of those things occurred in these cases.

9

Nor is NRA assisted by any of the Seventh Circuit cases that it seeks to call to its aid. Although a mere reading of these opinions confirms their inapplicability to the situation here. this opinion will touch on the obvious distinctions.

Thus <u>Riviera Distribs., Inc. v. Jones</u>, 517 F.3d 927-28 (7th Cir. 2008) found that the plaintiffs were "prevailing parties" under the Copyright Act of 1976, though the district judge had never reached the merits of the case, because the case was dismissed with prejudice. That of course materially altered the legal relationship of the parties, in contrast to the wholly nonsubstantive dismissal of the cases here as moot.

<u>Palmetto Props., Inc. v. County of DuPage</u>, 375 F.3d 542 (7th Cir. 2004) presents a different scenario. There the district court dismissed the case as moot when defendants repealed an ordinance after the district court had held the ordinance unconstitutional on a motion for summary judgment, but before the Court entered final judgment (<u>id</u>. at 545-46). NRA's efforts to parallel its cases with <u>Palmetto</u> totally ignores the wholly different posture of the judicial rulings involved, as explained expressly in <u>Palmetto, id</u>. (emphasis in original):

> In <u>Buckhannon</u> the challenged state law was repealed, thereby mooting the case, <u>before</u> the district court had made <u>any</u> substantive rulings. ... In this case, not only did the district court make a substantive determination ... the County repealed the ordinance only <u>after</u> that determination had been made and presumably <u>because of it</u>.

Indeed, <u>Zessar</u>, 536 F.3d at 797 distinguished <u>Palmetto</u> from its

10

situation, where the district court found an Illinois statute unconstitutional on a motion for summary judgment but did not direct the parties to do anything pending further proceedings as to the appropriate relief.

Lastly in that group, NRA fares no better in its attempted reliance on Southworth v. Bd. of Regents of Univ. of Wis. Sys., 376 F.3d 757 (7th Cir. 2004). There our Court of Appeals (id. at 770) took pains to distinguish between post-trial court-ordered changes and voluntary changes made by the defendant -- the very distinction that this opinion has stressed in the present cases.

NRA tries to attach one more string to its bow, but that too is broken. It cites Young v. City of Chi., 202 F.3d 1000 (7th Cir. 2000)(per curiam), in which the district court granted plaintiffs a preliminary injunction against City, enjoining its imposition of a security perimeter around the 1996 Democratic National Convention. Though City's appeal of the preliminary injunction was later dismissed as moot after the convention ended, because the preliminary injunction of course applied only to that specific convention, Young, id. at 1000-01 upheld the award of fees to plaintiff under Section 1988.

On that score the obvious distinction is that the district court there had already granted relief to plaintiffs via its preliminary injunction order, clearly altering the legal relationship between the two parties. Hence the awarding of fees

11

simply prevented City from "taking steps to moot the case after the plaintiff has obtained the relief he sought" (id.).

## Conclusion

In the context of this case, the lesson taught by Buckhannon and its relevant progeny is that the proverbial handwriting on the wall does not alone suffice to trigger a Section 1988 entitlement to attorney's fees, no matter how clear the penmanship may appear to be. Instead that figurative handwriting must have been memorialized in a judicial ruling or like judicial action, and nothing of the sort had taken place in these two cases before Village and City dispatched their challenged ordinances and thus mooted the two cases. Accordingly NRA's motions for Section 1988 fee awards are denied.[5]

Date:      December 22, 2010        _____
                                    Milton I. Shadur
                                    Senior United States District Judge

---

[5] When these actions came on for a preset status hearing on December 21 for the sole purpose of confirming that the litigants had met head-on in addressing the issues posed by NRA's motions, counsel for plaintiff in the McDonald case appeared and voiced vigorous criticism at having assertedly been kept out of the loop by NRA's counsel. This Court, which of course had no knowledge of anything of the sort (it will be recalled that the cases had been terminated by the dismissal orders based on mootness, so that this Court had no need to follow its normal practice of setting periodic status hearing in all cases pending on its calendar), rejected the motion by McDonald's counsel to stay the determination of the fully briefed motions in these two cases. As this Court assured that lawyer, as and when he may advance a Section 1988 motion in that case this Court will address it on the merits, for which purpose it may or may not find that the McDonald plaintiffs occupy the same position announced here as to NRA (a function of whatever similarities and differences may exist as between the McDonald case and the two NRA cases).

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08 C 3696 |
| VILLAGE OF OAK PARK, et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08 C 3697 |
| CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) ) ) | |
| OTIS McDONALD, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08 C 3645 |
| CITY OF CHICAGO, et al., | ) ) ) | |
| Defendants. | ) | |

<u>SUPPLEMENT TO MEMORANDUM OPINIONS AND ORDERS</u>

This Court has just had occasion, for a reason wholly unrelated to these cases,[1] to note an excerpt from an earlier

---

[1] Indeed, what has brought the subject of this supplement to this Court's attention is simply its consistently prompt review of slip opinions emanating from our Court of Appeals--in this instance, <u>Bd. of Regents of the Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.</u>, No. 08-4164, 2010 WL 5295853 at *21

opinion of our Court of Appeals that calls for a clarifying supplement to this Court's opinions in the captioned cases--in the NRA cases, 2010 WL 5185083 (N.D. Ill. Dec. 22) and in the McDonald case, 2011 WL 13755 (N.D. Ill. Jan. 3). That excerpt appears in the en banc opinion in United States v. Skoien, 614 F.3d 638, 641 (7th Cir. 2010).

In McDonald, 2011 WL 13755 at *1 this Court dropped this footnote 2 as an attempted amplification of the point (1) that the order by the Supreme Court in that case had remanded the case "for further proceedings" and (2) that no such proceedings then took place because the City of Chicago's swift action in repealing its ordinance compelled dismissal of the case on mootness grounds:

> Remember the universal principle that courts speak definitively through their orders, not through the language in their opinions that explains the basis for the orders themselves.

In that respect Judge Wood's dissent in Bd. of Regents has just repeated this sentence from Skoien, 614 F.3d at 641 that spoke of an aspect of the Heller case in these terms:

> This is the sort of message that, whether or not technically dictum, a court of appeals must respect, given the Supreme Court's entitlement to speak through its opinions as well as through its technical holdings.

Thus the McDonald footnote was an oversimplification of a more fundamental proposition that this Court has sought to

---

(7th Cir. Dec. 28).

emphasize in both its NRA opinion and its McDonald opinion: that if the Supreme Court had intended its McDonald opinion to be the last word on the matter, automatically constituting a final order as to the Chicago ordinance of the type required by Buckhannon to constitute a formal judicial imprimatur, the Supreme Court would surely have known how to do just that in so many words. What cannot be ignored is that its ruling was instead a remand "for further proceedings," leaving it to the lower court--our Court of Appeals--to determine what was called for. And that, given the intervening repeal of the ordinance, was clearly a dismissal for mootness, again not a Buckhannon-qualifying ruling.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 7, 2011